# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3619 | **DATE** | March 6, 2002 |
| **CASE TITLE** | Sylvester Marshall v. Webb Chevrolet, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's Motion for Class Certification

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum and opinion order, this Court GRANTS Plaintiff's motion for class certification [15-1].

(11) ■ [For further detail see attached memorandum and opinion order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | 3/7/02 | |
| | Notified counsel by telephone. | date docketed | 32 |
| X | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| mds(lc) | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SYLVESTER MARSHALL and all others )
similarly situated, )
)
Plaintiff, )
) No. 01 C 3619
v. )
) HONORABLE DAVID H. COAR
)
WEBB CHEVROLET, INC. and )
GENERAL MOTORS ACCEPTANCE )
CORPORATION, )
)
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Sylvester Marshall ("Marshall") brings a class action suit against Webb Chevrolet, Inc. ("Webb") and General Motors Acceptance Corporation ("GMAC"). Before this Court is Marshall's motion for class certification.

Marshall alleges that Webb violated the disclosure requirement of the Truth in Lending Act, 15 U.S.C. 1601 *et. seq.*, and its accompanying Regulation Z, 12 C.F.R. § 226.18. Marshall challenges Webb's failure to disclose credit terms, as required by TILA, in a form they could keep prior to consummation of the transaction. By violating TILA, Marshall further alleges Webb also violated the Illinois Consumer Fraud Act, 815 ILCS 375/1 *et. seq.*, and the Motor Vehicle Installment Sales Act, 815 ILCS 375/1 *et. seq.*

The party seeking certification bears the burden of proving that its action is appropriate as a class action and that it satisfies all of the requirements of Rule 23. Retired Chicago Police Assoc. v. City of Chicago, 7 F.3d 584, 596 (7th Cir. 1993). Federal Rule of Civil Procedure 23

-1-

permits a class action to be maintained if: (1) the class is so numerous that joinder of all class members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly or adequate protect the interests of the class. Fed. R. Civ. P. 23(a). In addition, the court must also find: (1) that the prosecution of separate actions by the individual class members would create a risk of inconsistent adjudications or substantially impair the abilities of other class members to protect their interests; (2) that the party opposing the class has acted or failed to act on grounds generally applicable to the class, thereby making injunctive or declaratory relief appropriate for the class; or (3) that common questions of law or fact predominate over questions affecting only individual members and the class action is the best method for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b). In this case, Marshall seeks to certify a class under Fed. R. Civ. P. 23(b)(2) and 23(b)(3). With these principles in mind, this Court turns to whether Marshall has met the requirements of Rule 23.

I. Rule 23(a)

*Numerosity*

To satisfy numerosity, it is not necessary to determine the exact number of members in the class; a reasonable estimate will suffice and courts are entitled to make common sense assumptions in order to support a finding of numerosity. Keele v. Wexler, No. 95 C 3483, 1996 WL 124452, at *3 (N.D. Ill. 1996), *aff'd*, 149 F.3d (7th Cir. 1998). Marshall does not allege the total number of individuals in the purported class. Nonetheless, this Court finds that it is appropriate to assume that the number of potential class members satisfies the numerosity requirement when, as here, the plaintiff alleges all claims are based on standard Retail Installment Sales Contracts and on the defendant's standard practice in failing to give customers

copies of the contracts until after the contracts were signed. See e.g., Kort v. Diversified Collections Servs., Inc., No. 01 C 0689, 2001 WL 1617213, at *1 (N.D. Ill. Dec. 17, 2001); Hamid v. Blatt, et. al., No. 00 C 4511, 2001 WL 1543516, at *3 (N.D. Ill. Nov. 30, 2001); Wells v. McDonough, No. 97 C 3288, 1998 WL at 160876, at *2 (N.D. Ill. Mar. 31, 1998).

*Commonality and Typicality*

Under Rule 23(a)(2), commonality is not a demanding requirement; one issue of fact or law common to all class members will suffice. Gilmore v. Southwestern Bell Mobile Sys., No. 01 C 2900, 2001 WL 1539157 at *3 (N.D. Ill. Nov. 30, 2001). Similarly, Rule 23(a)(3) requires that the claims or defenses of the class representative be typical of the claims or defenses of the class. The typicality requirement is closely related to the commonality requirement. Hamid, 2001 WL 1543516, at *5. A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his claims are based on the same legal theory. De La Fuente v. Stokely-Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983). Therefore, the typicality prong "may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of the other class members." Id.

In the present case, both the commonality and the typicality requirements are met. The common question is whether Webb, as part of its common practice, failed to give the class members their TILA disclosures, in writing, in the form they could keep, prior to consummation of their respective transactions. Further, because Marshall's claim presents this very question, it is typical of the claims of the purported class.

*Adequacy of Representation*

Rule 23(a)(4) requires that the class representative have a sufficient stake in the outcome to ensure zealous advocacy, that the class representative does not have antagonistic or conflicting

claims with other class members, and that counsel for the named plaintiff is experienced, qualified, and generally able to conduct the litigation. Retired Chicago Police Ass'n, 7 F.3d at 598. Here, both Marshall and the potential class members seek money damages and injunctive relief to stop the TILA violations; thus there is no potential for conflicting interests between Marshall and any other class members in this action. This Court finds that the adequate representation requirement is met.

II. Rule 23(b)

This Court now turns to the provisions of Rule 23(b). Marshall seeks certification of the class under both Rule 23(b)(2) and 23(b)(3).

*Rule 23(b)(2)*

Rule 23(b)(2) provides for class certification when the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. On its face, this section seems to apply to this case since the purpose of Rule 23(b)(2) is to make injunctive and declaratory relief available to remedy systemic violations. If Marshall had requested only declaratory and injunctive relief, this Court properly could certify this class without further analysis. Marshall, however, seeks actual and/or statutory damages as well, and when these monetary damages are requested in addition to declaratory and injunctive relief, the Rule 23(b)(2) analysis becomes more complicated.

The Seventh Circuit has held that certification of a class under Rule 23(b)(2), without notice or opportunity to opt out, is impermissible unless the requested monetary damage is "incidental" to the requested injunctive relief. Lemon v. Inter'l Union of Operating Engineers, 216 F.3d 577, 581 (7th Cir. 2000). "Incidental" is defined narrowly as "damages that flow directly from liability to the class as a whole on the claims forming the basis of injunctive or declaratory relief." Id. (quoting Allison v. Citgo Petroleum Corp., 151 F.3d 402, 415 (5th Cir.

1998). Therefore, incidental damages do not depend on the "intangible, subjective differences of each class member's circumstances." Id.

Based on the Amended Complaint, the damages in this case will be based on precisely such "intangible, subjective differences" among class members. For example, paragraph 24(a) of the Amended Complaint asks for actual damages "in the amount of the yield spread between the APRs contained in Plaintiff's and the class members' Retail Installment Contracts and the buy-rates at which the financing institutions were willing to finance them . . . ." Because financing institutions calculate an APR on an individual, case-by-case basis (i.e., based on an individual's credit history), these damages are subjective and will require individual inquiry. Accordingly, the damages in this case are not "incidental" to the desired injunctive relief, so class certification under Rule 23(b)(2) is improper.

*Rule 23(b)(3)*

Marshall also seeks certification under Rule 23(b)(3). There are two components to class certification under Rule 23(b)(3): (1) that common questions predominate over individual questions; and (2) that a class action is the superior method of adjudicating the claims of the parties. As discussed above, the questions of law and fact to the members of the class, as defined by Marshall, are similar to all of the proposed class members and would predominate over any other questions affecting individual class members. Furthermore, a class action is superior to the available methods for the fair and efficient adjudication of this controversy[1]. Accordingly, the Court finds that the requirements of Rule 23(b)(3) are met.

**Conclusion**

For the foregoing reasons, Marshall's motion for class certification [15-1] is GRANTED. The certified classes shall be defined as:

---

[1] This Court's concern is heightened by the importance of class certification issue in TILA cases in particular, where the small amounts of money involved and the difficult financial situations of many of the litigants may inhibit individualized litigation. See Williams v. Chartwell Financial Servs., Ltd., 204 F.3d 748, 760-61 (7th Cir. 2000)(collecting cases).

a. All customers of Webb who, within one year of the filing of the Class Action Complaint, were entitled to TILA disclosures but were not given their disclosures in writing, in a form they could keep, prior to consummation of their transactions, in violation of TILA; and

b. All customers of Webb who, within three years of the filing of the Class Action Complaint, were entitled to TILA disclosures but were not given their disclosures in writing, in a form they could keep, prior to consummation of their transactions, in violation of the Illinois Consumer Fraud Act, 815 ILCS 375/1 *et. seq.*, and the Motor Vehicle Installment Sales Act, 815 ILCS 375/1 *et. seq.*

**Enter:**

_____
**David H. Coar**
**United States District Judge**

**Dated: March 6, 2002**